PENDLETON, President,
delivered the resolution of the Court, as follows:
The foundation of this suit is an agreement entered into, in February, 1778, between David Bell and Robert Mills, both since dead, by which Bell agreed to sell to Mills, two tracts of land, which he hought of Wylie and John Francis; which he agreed should contain three hundred acres, and for which, he was to make Mills a sufficient title the next November. Mills was to pay 5001. Virginia money, and 100/. down; 60/. the next November, and 60/. every year following, until the whole was paid. The prompt payment was made, and so were those of November following, and that of November, 1779, but none of the subsequent payments were made. That for the GO<f. payable November, 1780, was tendered, in June, 1781, when the depreciation, according to the scale, had increased from 74 to 250, and, in December, 1781, that 60/. and the 60/. for November, 1781, were tendered; when either the paper was called out of circulation, or which is the same thing, the scale was at 1000 for one. If the subsequent payments had been made in specie, Bell Would have been made amends for former disappointments; and there appeal’s some reason to suppose such was the intention of the parties, but it is not so sufficiently proved as to be the ground of a decree. The depositions prove the tender of the paper money, and two witnesses say, that whilst the suit of Francis v. Mills, was depending, in conversation, Joseph Bell. said if Mills would parade the money, he thought he was still able to make a title to the land; and, after that suit was tried, Bell told Mills, the plaintiff, that, if he would comply with his uncle’s agreement, he was willing to receive the money; upon which, Mills said here is your money, agreeable to the scale, if you will make me a title. Bell replied, you are going to take advantage of me, and hastily went out of the room; upon which, Mills put a sum of specie into the hands of one of the witnesses, who counted it, and found it sufficient to discharge the debt, according to Mills’ report of the amount, but the sum is not mentioned. This evidence of a tender is too uncertain to enable the Court to say that the non-payment was owing to the creditor, so as to relieve the debtor under the fifth section of the Scaling act. - And, upon the whole, the contract is to he adjusted according to the second section of that act. It appears, *282 that Bell had not paid for the land purchased of Francis, nor obtained a conveyance; that Francis, by ejectment, .recovered 210 acres of the 300 sold to Mills, who retained only 90 acres; and that even this was not conveyed to him by Bell. Upon which, the plaintiff, nephew and heir of Robert Mills, in 1780, commenced this suit against Joseph and Florence Bell, executors of David Bell, and William Bell, his heir, at law, to have a conveyance of the land, and an indemnification for all losses sustained, or to be sustained in consequence of the breaches of the agreement, on the part of Bell. Joseph Bell alone answers the bill, which is taken for confessed as to William, Bell, the heir at law. A replication is filed, and the depositions of witnesses taken: upon the hearing, a decree is made, that William Bell, the heir, should convey to Mills the 90 acres, and that the executor of David Bell should pay to Mills what should be recovered for the mesne profits of the 210 acres upon a suit then depending; and Commissioners were then appointed to value the 210 acres recovered, and to enquire what injury Mills had sustained, from the reduced value of the remaining 90 acres. The Commissioners having reported, that the value of the lands recovered, and the damages, were 1851. The Court decreed, that Bell’s executors should pay the same, and that the cause should be continued, till the action for the mesne profits was determined; which they afterwards say was decided by a verdict for Francis, for 6/. and costs: And their final decree is, that the heir convey the 90 acres, and the executors pay the 185/., the 61. for mesne profits, and 91. 9s. 6d. for costs; and, also, the costs of suit. On an appeal to the High Court of Chancery, by consent of parties, the suit was retained, to be prosecuted as an original Suit. A new bill and answer of Joseph Bell were filed, and several witnesses examined; which do not seem to change the case materially, from what it was, in the County Court. The Chancellor directed an issue, to be made up, and tried in the District Court of Staunton, to ascertain the válue of the lands mentioned in the articles of agreement. The jury’s verdict upon that issue is, “that the whole land is worth 634/. 10s.; the 90 acres worth 6 dollars an acre, and the 210 worth 7J dollars an acre.” On the hearing, the Chancellor affirmed the decree for the conveyance of the 90 acres, but reversed it as to the residue, and dismissed'the bills, with costs in that Court. Ho afterwards reversed this decree, on a new argument; from *283 which, there is an appeal to this Court. The first point which presents itself to the consideration of the Court is, by what ratio the compensation to he made to Mills for the land evicted, is to be adjusted ? Whether the value of them at the time of eviction, or at the time the purchase was made? The former would be the rule, if a conveyance had been made with warranty; since the purchaser is entitled, on the covenant, to the increased value of the estate, as well as for any improvements he may have made on it. * But when, as in this case, the contract is execulory, a Court of Equity will adjust it upon principles of equity, according to the circumstances: And since Mills appears to have been faulty in his payments, which, if regularly made, might have prevented the loss, it ought to he adjusted by proportioning the loss to the value of the whole purchase money, for the whole land: A rule, which does not appear to have been observed in either of the Courts below. In the County Court, they gave the pro *284 sent value of the land lost, and that without even deducting the balance of the purcháse money; and the Chancellor has dismissed the bill as to the compensation, without allowing Mills for the money over-paid for the 90 acres, or his costs in defending the suits by Francis.
This Court having fixed the rule of compensation, and that the contract is subject to the legal scale, proceeded to adjust the dispute between the parties, in this manner; The 500/. purchase money reduced at five for one, is 100/.. the proportion of 210 acres lost so reduced is 70/., leaving 30/. specie to be paid for the 90 acres. Mills paid 220/.; which, reduced by the same scale, is 44/.; so that he overpaid 14/. in November, 1779; which he is certainly entitled to recover, with interest. The mesne profits and costs are rejected, because he received the profits himself, and should have paid them, without suit. The damages for his disappointment are also rejected; because, if he had been punctual in his payments, the title of Francis might have been purchased in, and a loss prevented. Therefore, the decree of dismission ought to be reversed, with costs, and a decree entered for Mills for 28/. (being the 14/. and interest for twenty years;) and the decree, as to the conveyance of the ninety acres, affirmed. The costs, in both Courts, in Chancery, to be borne equally by the parties.
The decree was as follows:
“ The Court is of opinion, that the purchase money, agreed to be paid by Robert Mills, for the lands in the proceedings mentioned, ought to be reduced to specie, according to the legal scale at the time of the contract, since none other appears to have been contemplated by the parties at the time; and that, as the contract remained executory at the time the appellant was evicted of part of the land, since it is probable that the title of Francis might have been purchased in, and the dispute avoided, if Robert Mills, or the appellant, had been punctual in their payments, the compensation to the appellant for the lost land ought to be adjusted according to the value at the time of the agreement, of which there is no evidence, except the consideration agreed to be paid; which, therefore, ought to be the rule; and that proportioned according to the quantities of the lands lost and saved, which allots to the land lost seventy pounds specie, and to the ninety acres saved, thirty pounds; and the appellant having paid two hundred and twenty pounds, which reduced amounts to forty-four pounds specie, by which fourteen pounds are *285 over-paid for the ninety acres, that sum, with interest, ought to have been decreed to ihe appellant; and the decree of the High Court of Chancery is erroneous in dismissing the appellant’s bill as to that claim, with costs. The claim of the appellant for the mesne profits recovered by Francis, is rejected, because those profits were received by the appellant himself; and he ought to have paid them without suit. .Nor is he entitled to damages for disappointment in the loss of the land recovered, since it probably was occasioned by his own default; and that there is no error in the residue of the said decree. Therefore, it is decreed and ordered, that so mueh thereof as respects ihe conveyance of the ninety acres of land, be affirmed; and that the residue be reversed. And, this Court proceeding to make such decree, as to the residue so reversed, as the High Court of Chancery should have pronounced; it is further decreed and ordered, that the executors of the said David Bell, out of his estate in their hands to be administered, pay to the appellant the aforesaid sum of fourteen pounds, with interest thereon for twenty years; and that the costs in the County Court, and the said High-Court of Chancery, be equally borne by the parties.”

[* See Nelson v. Matthews, 2 H. & M. 164; Humphrey's adm'r. v. M'Clenachan's admr. 1 Munf. 500; Crenshaw v. Smith & Co. 5 Munf. 415, and the recent case of Stout v. Jackson, (Dec’r. 15, 1823,) 2 Rand. 132-174, in which this subject was much discussed, though not finally settled. Judge Green, after a very elaborate consideration of the question, expressed his opinion, that, “ the measure of damages is, and ought to be the same, in case of eviction, whether they he claimed in an action upon a warranty, or covenant of seisin, or of power to convey, or for quiet enjoyment; that this measure was settled hy the common law, upon principles of justice and sound policy, to be the value at the time of the contract, without regard to the increased or diminished value, or to improvements ; and the rents and profits, for which the tenant is responsible to the successful owner 5 that, as to any rents and profits, for which he maynotbe so responsible, the vendor would not he responsible, since the purchaser would have enjoyed them by virtue of his contract; and as to his improvements, if reasonable, they will be discounted against the rents and profits; if not, the vendor should not be responsible for them, and so the vendor cannot, in any case, lie responsible for improvements; and <Uat, with us, the value ought to he ascertained, (owing to the circumstances of our country,) not by the English rule, according to the issues beyond reprises, but according to the value in gross, the best standard of which is, in general, the price agreed upon by the parties, at the time of the sale. And, that when it does not otherwise ap~ pear what was the value of the rents and profits recovered from the purchaser, or for which he may be responsible, interest upon the purchase money from the time that such responsibility for rents and profits existed, should be given in lieu of rents and profits.53— Judge Brooke’s impressions accorded with the opinion of Judge Green: See the opinion of Luther Martin, in Sumner v. Williams, 4 Hall's Am. Law Journ. 129, 147, &c.; Staats v. Ten-Eyck's ex'rs., 1 Caine’s N Y. Rep. 111; Pitcher v. Livingston, 4 Johns. R 1; Bender v Fromberger, 4 Dall. R. 441; and Talbott v. Bedford's heirs, (Sup. Ct. Tenn.) 5 Hall's Am. Law Journ. 330. Judge Coalter, was of a contrary opinion: See Bickford v Page, 2 Mass. R. 455; Gore v. Brazier, 3 Mass. R. 523; Caswell v Wendall, 4 Mass. R. 108; Harris et al. v. Newell, 8 Mass. R. 262; Horsford et al. v. Wright, Kirby’s Conn. R. 3; Liber et ux. v. Parson’s ex'rs. 1 Bay’s R. 19; Guerard's ex'rs. v. Rivers, Ibid. 265.]